NICHOLAS A. TRUTANICH
United States Attorney
Nevada State Bar No.13644
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CR-485-GMN-(PAL) |
| Plaintiff, | United States of America's Motion for an Interlocutory Order of Sale of the 2018 Nissan Maxima and Order |
| v. | |
| ROCCO LAZAZZARO, | |
| Defendant. | |

The United States respectfully moves this Court to issue an Order for an Interlocutory Sale of the 2018 White Nissan Maxima, VIN: 1N4AA6APXJC368076, Nevada license plate LVL51G (2018 Nissan Maxima) and to authorize the United States Marshals Service (USMS) to sell the property through one of its approved methods.

The grounds for granting the Order for an Interlocutory Sale of the 2018 Nissan Maxima are as follows. First, the 2018 Nissan Maxima will deteriorate pending this forfeiture action. Second, the value of the 2018 Nissan Maxima will continue to depreciate over time pending this action. Third, the storage costs and other maintenance costs of the 2018 Nissan Maxima will continue to accrue against its value pending this action. Fourth, the sooner of the 2018 Nissan Maxima is sold, the more sale proceeds will exist. Fifth, this Court is authorized to approve interlocutory sales.

This Motion is made and is based on the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and the attached exhibit.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

The Grand Jury returned an Indictment (ECF No. 1) charging Lazazzaro in Count 1 with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349; in Counts 2 through 25 with wire fraud in violation of 18 U.S.C. § 1343; in Count 26 with interference with commerce by threats and violence in violation of 18 U.S.C. § 1951(a)(b)(2); and included three forfeiture allegations pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) forfeiting an in personam criminal forfeiture money judgment of $5,727,317.75.

Lazazzaro pled guilty to Count 1. Indictment, ECF No. 1; Change of Plea, ECF No. 44; Plea Agreement, ECF No. 45. This Court entered the Preliminary Order of Forfeiture (POOF) at the Change of Plea (ECF Nos. 44, 46) that ordered an in personam criminal forfeiture money judgment of $3,745,310.96 against Lazazzaro (ECF No. 46). This Court sentenced Lazazzaro on August 22, 2013 (ECF No. 56), entered the Final Order of Forfeiture (FOOF) on August 22, 2013 (ECF No. 57), and attached the FOOF to the Judgment in a Criminal Case on August 27, 2013 (ECF No. 58). The Judge granted the substitute and forfeiture order on December 17, 2018 (ECF No. 121)

The government moved this Court to substitute and to forfeit the 2018 White Nissan Maxima, VIN: 1N4AA6APXJC368076, Nevada license plate LVL51G and any and all funds in U.S. Bank account nos. 1-537-5742-2172 (2172) and 2-537-5356-3290 (3290) (ECF No. 118 and to seal the motion to substitute and to forfeit (ECF No. 117). This Court sealed both motions (ECF No. 120) and granted the substitution and forfeiture motion (ECF No. 121).

### B. Statement of Facts

The Federal Bureau of Investigation (FBI) executed the substitution and forfeiture order (ECF No. 121) on the bank accounts and the 2018 Nissan Maxima (ECF No. 123). Since January 3, 2019, the government has custody and control of the 2018 Nissan Maxima. On January 10, 2019, the FBI turned custody and control of the 2018 Nissan Maxima over

to Jeffrey Padayao, District Asset Forfeiture Coordinator, District of Nevada/Las Vegas USMS, where it has remained in the government's care and custody. Exhibit (Ex.) 1, Declaration of Jeff Padayao, attached hereto and incorporated herein by reference as if fully set forth herein.

The purposes of the interlocutory sale are as follows. First, the 2018 Nissan Maxima will deteriorate pending this forfeiture action. Second, the value of the 2018 Nissan Maxima will continue to depreciate over time pending this action. The storage costs and other maintenance costs of the 2018 Nissan Maxima will continue to accrue against its value pending this action. Ex. 1. Fourth, the sooner the 2018 Nissan Maxima is sold the more sale proceeds will exist. Fifth, this Court is authorized to approve interlocutory sales.

The most recent appraisal of the vehicle is $25,600. It costs $9 per day, or approximately $270 per month, for storage fees. Maintenance costs are extra. As of January 29, 2019, the USMS has expended $447 in storage and case related costs. Ex.1.

**II. ARGUMENT**

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive);

3

*Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).

Three of the four reasons for the interlocutory sale apply in this case regarding the property: the 2018 Nissan Maxima will deteriorate while the service of process and the publication occurs in this case; the expense of keeping the property is disproportionate to its fair market value since storage fees and maintenance fees will accrue to keep the vehicle in its current condition; other good cause, the value of the vehicle depreciates over time and the sooner the vehicle is sold, more sale proceeds will exist. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir.1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rule G(7)(b)(ii). In this case, the USMS will sell the property as "governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supplemental Rule G(7)(b)(iii).

In *United States v. Guzman*, No. 3:08-CR-23-2, 2013 WL 12228400 (M.D. Tenn. Oct. 7, 2013), the district court found and held:

> The Government has presented evidence suggesting that the value of the [property] continues to decrease with time and, as of last month, was approximately $16,500.00 less than the amount the Government had paid for storage and maintenance up to that point. Thus, the Court finds that the expense of keeping the [property] is both excessive and disproportionate to its fair market value. Given the apparent continued depreciation in value and rising cost of maintaining the [property], the Court finds an interlocutory sale is the best way to preserve its remaining value.

*Id*. at 2 (brackets added); *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (explaining "that the Government's desire to avoid storage costs (particularly with respect to the twenty-two automobiles and the tractor trailers) and the risk of depreciation in value (particularly of the computers and other electronic items) constitute "good cause" for the interlocutory sale of the personal property …[,]" and the real property

/ / /

4

to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

In this case, the value of the 2018 Nissan Maxima will continue to depreciate and the maintenance and storage costs will continue to rise and dilute the equity.

The undersigned intends to request approval from the Chief of the Money Laundering Asset Recovery Section, Criminal Division, Department of Justice (MLARS), to grant restoration of the sale proceeds of the forfeited 2018 Nissan Maxima to be paid to the victims, if the forfeiture is completed. No one, including the undersigned and his supervisors, has authority to grant the restoration of forfeited asset to victims. The first sentence of this paragraph does not make any agreements, promises, guarantees, warranties, etc., that the restoration will be granted. The Chief of MLARS is the only person who has authority delegated by the United States Attorney General to authorize forfeited assets to be paid to victims. The interlocutory sale of the 2018 Nissan Maxima will provide the best opportunity for a better price with fewer expenses so more sale proceeds may be restored to the victims.

"The sale proceeds are substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv); *United States v. King,* No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Based on the foregoing reasons, this Court should order the interlocutory sale of the 2018 White Nissan Maxima with VIN 1N4AA6APXJC368076, and license plate LVL51G.

Dated: February 1, 2019.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

DATED this __9__ day of September, 2019.

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on February 1, 2019.

                                              /s/ Heidi L. Skillin
                                              HEIDI L. SKILLIN
                                              FSA Contractor Paralegal

|   | |
|---|---|
| 1 | NICHOLAS A. TRUTANICH <br> United States Attorney |
| 2 | Nevada State Bar No. 13644 <br> DANIEL D. HOLLINGSWORTH |
| 3 | Assistant United States Attorney <br> Nevada Bar No. 1925 |
| 4 | 501 Las Vegas Boulevard South, Suite 1100 <br> Las Vegas, Nevada 89101 |
| 5 | (702) 388-6336 <br> Daniel.Hollingsworth@usdoj.gov |
| 6 | *Attorneys for the United States of America* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | 2:12-CR-485-GMN-(PAL) |
|---|---|
| Plaintiff, | Index of Exhibits |
| v. | |
| ROCCO LAZAZZARO, | |
| Defendant. | |

Exhibit 1 …………………….Declaration of Jeffrey Padayao, United States Marshals Service

Exhibit 1 - Declaration of Jeffrey Padayao, United States Marshals Service

Exhibit 1 - Declaration of Jeffrey Padayao, United States Marshals Service

# DECLARATION OF JEFFREY PADAYAO, UNITED STATES MARSHALS SERVICE, DISTRICT ASSET FORFEITURE COORDINATOR

JEFFREY PADAYAO, United States Marshals Service, District Asset Forfeiture Coordinator, states as follows:

1. I am the District Asset Forfeiture Coordinator with the United States Marshals Service (USMS) in Las Vegas. I have been so employed as the District Asset Forfeiture Coordinator for approximately 4 years.

2. After the Federal Bureau of Investigation law enforcement personnel (FBI) seized the 2018 White Nissan Maxima, VIN: 1N4AA6APXJC368076, Nevada license plate LVL51G (2018 Nissan Maxima), the FBI placed the custody of the 2018 Nissan Maxima with the USMS on January 10, 2019, where it has remained since.

3. The most recent appraisal of the vehicle is $25,600.00.

4. It costs $9.00 per day, or approximately $270.00 per month, for storage fees. Maintenance costs are extra.

5. As of January 29, 2019, the USMS has expended $447.00 in storage and case related costs.

6. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on JAN 30, 2019

_____
Jeffrey Padayao
United States Marshals Service